# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KENNETH HARRIOTT *et al.*,

    *Plaintiffs*,

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,

    *Defendant.*

Civil Action No. 19-1656 (TJK)

## MEMORANDUM OPINION AND ORDER

Defendant Washington Metropolitan Area Transit Authority (WMATA) has moved to strike or dismiss Plaintiffs' class allegations and to dismiss Count II of the Amended Complaint. WMATA argues that Plaintiffs failed to move for class certification within the time limit imposed by this Court's Local Rules. WMATA also argues that it is immune from Plaintiffs' age discrimination claims. For the reasons discussed below, the Court will grant Defendant's motion. Accordingly, it will strike Plaintiffs' class claims and dismiss Count II of the Amended Complaint for lack of subject-matter jurisdiction.

**I.    Class Claims**

Local Rule of Civil Procedure 23.1(b) requires a plaintiff to move for certification under Fed. R. Civ. P. 23(c)(1) within 90 days of filing the first complaint bringing a class-wide claim. *E.g.*, *Sakyi v. Estee Lauder Cos.*, 298 F. Supp. 3d 16, 17–18 (D.D.C. 2018). "Local Rule 23.1(b) and its predecessors have been strictly applied in this Circuit." *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 53 (D.D.C. 2007); *see also McCarthy v. Kleindienst*, 741 F.2d 1406, 1411 (D.C. Cir. 1984) (explaining that the 90-day deadline "implements the policy behind the already extant requirement of Fed. R. Civ. P. 23(c)(1) that class certification decisions be made as soon as

practicable") (citation and internal quotation marks omitted). Here, Plaintiffs raised class-wide claims in their first complaint, which they filed on June 6, 2019. *See* ECF No. 1 ¶ 12. Therefore, they had to move for class certification by September 4, 2019. They failed to do so. They also failed to seek an extension from the Court or explain why, before responding to the instant motion, class certification should be saved for a later time. "Serious consequences often flow from a fair application of time limits, and that is the case here." *Howard*, 474 F. Supp. 2d at 57 n.11. Because Plaintiffs offer no persuasive reasons to excuse their neglect, *see, e.g.*, *id.* at 55–57, the Court will grant Defendant's motion and strike the class allegations from the Amended Complaint, *see Artis v. Yellen*, 309 F.R.D. 69, 73 (D.D.C. 2015).

## II. Count II: Age Discrimination Claim

Under D.C. Circuit precedent, the Eleventh Amendment renders WMATA immune from suit under the Age Discrimination in Employment Act of 1967 (ADEA). *Jones v. Washington Metro. Area Transit Auth.*, 205 F.3d 428, 431–32 (D.C. Cir. 2000). Plaintiffs make several attempts to circumvent this holding. First, they argue that the Supreme Court's decision in *Mount Lemmon Fire District v. Guido*, 139 S. Ct. 22 (2018), abrogated *Jones*. ECF No. 7 at 12–13. The Court disagrees. *Guido*'s holding was narrow; it focused exclusively on the ADEA definition of "employer." *See Guido*, 139 S. Ct. at 25–26. It never so much as cited *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (holding that the ADEA did not validly abrogate states' Eleventh Amendment immunity), the decision on which the *Jones* court relied. Moreover, the passage in *Guido* to which Plaintiffs point cites the Supreme Court's earlier decision in *EEOC v. Wyoming*, 460 U.S. 226 (1983). And *Wyoming* addressed the ADEA in the context of the *Tenth Amendment* and Congress's power to regulate interstate commerce. It never so much as mentioned a state's sovereign immunity under the *Eleventh Amendment*. By contrast, *Kimel*—

which briefly discusses *Wyoming* in passing—explicitly invalidated "[t]he ADEA's purported abrogation of the States' sovereign immunity," *Kimel*, 528 U.S. at 91. And finally, even if the Court agreed with Plaintiffs' reading of *Guido* (which it does not), it could not so easily sidestep this Circuit's controlling precedent. "[D]istrict judges, like panels of [the D.C. Circuit], are obligated to follow controlling circuit precedent until either [the Circuit], sitting en banc, or the Supreme Court, overrule it." *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997). And an intervening Supreme Court decision "effectively overrules" controlling precedent only if it "eviscerates" the prior precedent such that the two cases are "incompatible." *Perry v. Merit Sys. Prot. Bd.*, 829 F.3d 760, 764 (D.C. Cir. 2016) (citation omitted), *vacated on other grounds sub nom. Perry v. Ross*, 697 F. App'x 18 (D.C. Cir. 2017). Whatever may be said of *Guido*, it does not "eviscerate" *Jones*.

Next, Plaintiffs argue that WMATA waived its Eleventh Amendment immunity when it agreed to comply with the ADEA in a funding agreement with the Federal Transit Administration (FTA). ECF No. 7 at 13–14. Of course, Congress can condition receipt of federal funds on a state's waiver of immunity if Congress "manifests 'a clear intent'" to do so. *Barbour v. Washington Metro. Area Transit Auth.*, 374 F.3d 1161, 1163 (D.C. Cir. 2004) (citation omitted). However, Plaintiffs do not suggest that *Congress* imposed the relevant condition here. Rather, they argue that the FTA, an administrative agency, did. But they cite no authority for the notion that Congress can delegate its power to condition funds on a state's waiver of immunity to an administrative agency.[1] In other words, they have "not shown that

---

[1] Instead, Plaintiffs rely on the unremarkable proposition that "Congress may delegate rule-making decisions attendant to the use of federal funds to executive Cabinet heads." ECF No. 7 at 14.

3

Congress, by a silent, implicit delegation of authority, can open the door for expansions of federal power that it otherwise could not have accomplished without satisfying a stringent clear-statement rule." *See Slack v. Washington Metro. Area Transit Auth.*, 325 F. Supp. 3d 146, 154 (D.D.C. 2018). Nor have they explained why merely agreeing to comply with the ADEA necessarily involves consenting to suits brought by private third parties. *See id.* at 154–55. For these reasons, the Court declines to find that WMATA waived its sovereign immunity through the terms of its agreement with the FTA.

Finally, Plaintiffs argue that WMATA waived immunity by including age discrimination protections in its own policies. ECF No. 7 at 14–16.[2] In the policy Plaintiffs reference, WMATA commits "to complying with all applicable federal laws that prohibit workplace discrimination and retaliation," on the basis of a variety of characteristics, including age. *Id.* at 14–15 (citation and internal quotation marks omitted).[3] The policy also states that it "is not intended to prohibit Employees . . . from filing complaints with the U.S. Equal Employment Opportunity Commission." *Id.* at 15 (citation and internal quotation marks omitted). "Plaintiff[s'] argument, however, fails to grasp the distinction between WMATA's obligation to

---

[2] To the extent Plaintiffs argue that WMATA's policy is further evidence that it waived immunity by accepting funds from the FTA, the Court reiterates that Plaintiffs have cited no persuasive authority that waiver may be effectuated in that manner.

[3] When considering a motion to dismiss for lack of subject-matter jurisdiction, "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also All. For Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005) (noting that "in deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint, but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case").

comply with federal laws . . . and its immunity from private suit in the absence of a sufficient waiver or abrogation of that immunity." *Buck v. Washington Metro. Area Transit Auth.*, No. CV 17-632 (RDM), 2019 WL 6617853, at *10 (D.D.C. Dec. 5, 2019). WMATA's statement in a policy that it will comply with federal laws that apply to it does not constitutes the "clear declaration" necessary to waive immunity. *See Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999)).[4]

Because WMATA is immune from Plaintiffs' ADEA claims, the Court lacks subject-matter jurisdiction over Count II of the Amended Complaint and must dismiss it. *See Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1216 (D.C. Cir. 1997) (noting that sovereign immunity is jurisdictional).

## III.   Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss Count II and Strike Plaintiffs' Class Allegations, ECF No. 6, is **GRANTED**. It is **FURTHER**

---

[4] Plaintiffs also point to *Slack v. Wash. Metro. Area Transit Auth.*, 353 F. Supp. 3d 1 (D.D.C. 2019), in which another court in this District found that WMATA had waived immunity by virtue of adopting a particular policy. That case is distinguishable. There, WMATA's policy affirmatively notified employees that they could, pursuant to the specific statute the plaintiffs were suing under, "file a complaint of discrimination with the Inspector General of the appropriate federal agency." *Id.* at 9. Here, the policy never mentions the ADEA. But in any event, this Court doubts that something as significant as a waiver of immunity can be effectuated through a policy statement that does not explicitly consent to private suit. *See Buck*, 2019 WL 6617853, at *10 n.2 (observing that a WMATA policy agreeing to comply with the National Transit Systems Security Act would not alone waive immunity). Doing so would run contrary to the Supreme Court's direction that that courts are to "indulge every reasonable presumption against waiver." *Coll. Sav. Bank*, 527 U.S. at 682 (citation and internal quotation marks omitted); *see also Sossamon*, 563 U.S. at 284 ("Waiver may not be implied.").

**ORDERED** that Plaintiffs' class allegations are **STRICKEN**; and Count II of Plaintiffs' Amended Complaint, ECF No. 5, is **DISMISSED** without prejudice.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 23, 2019